UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUANA ORTIZ, on behalf of herself and all others similarly-situated,

                                    **SECOND AMENDED COMPLAINT**

                Plaintiff,

      -against-                             Docket No.:

                                     **Jury Trial Demanded**

HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST,

                Defendant.
-------------------------------------------------------------------X

      JUANA ORTIZ ("Plaintiff"), on behalf of herself and all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, HEPWORTH, GERSHBAUM & ROTH, PLLC, as and for her Second Amended Complaint against HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST, ("Defendant" or "Healthfirst"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

      1.     This is a civil action for damages and equitable relief based upon willful violations that the Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL, N.Y. Lab. Law § 195(3); and (iv) any other claim(s) that can be

inferred from the facts set forth herein.

2. Plaintiff worked for the Defendant from on or about March 9, 2007 to on or about January 22, 2013 as a "Facilitated Enroller." Then, from on or about January 22, 2013 to on or about September 2, 2014, in an alternate capacity. During her employment as a Facilitated Enroller, Defendant required Plaintiff to meet productivity requirements each workweek, forcing Plaintiff to work in excess of forty hours per week in order to avoid disciplinary action. However, as described below, for her work as a non-exempt "Facilitated Enroller," Defendant failed to pay Plaintiff for any hours that Plaintiff worked off-the-clock, and for the overwhelming majority of her hours worked in excess of forty at any rate of pay.

3. Defendant also failed to furnish Plaintiff with accurate and/or complete wage statements on each payday, as the NYLL requires.

4. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

5. Plaintiff also brings this lawsuit as a class action pursuant to the Federal Rules of Civil Procedure ("FRCP") 23, during the applicable NYLL limitations period, on behalf of herself and all other persons similarly-situated who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor's regulations.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq*. The supplemental jurisdiction of the Court is

invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8. Plaintiff is a resident of Witner Park, Florida, and at all relevant times herein, was an "employee" entitled to protection as defined by the FLSA and NYLL.

9. At all relevant times herein, Defendant HF MANAGEMENT SERVICES, LLC d/b/a HEALTHFIRST was and is a limited liability company organized under the laws of the State of New York, with a principal place of business located at 100 Church Street, New York, New York.

10. At all relevant times herein, Defendant, is an "employer" within the meaning of the FLSA and NYLL. Additionally, Defendant's qualifying annual business exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA as it operates a health plan organization sponsored by nationally recognized hospitals and medical centers, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendant's employees, including Plaintiff and FLSA Plaintiffs, are engaged in interstate commerce, as they all frequently make phone calls between different states, service patients from states outside of New York, and work with supplies that originated in states other than New York. This independently subjects Defendant to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings this suit to recover from Defendant unpaid minimum wages, overtime compensation, and liquidated damages pursuant to the applicable provisions of the

FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as those in the following collective action:

> Current and former employees of Defendant who, during the applicable FLSA limitations period, perform or performed any work for Defendant under the title "Facilitated Enroller," or something similar, who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs"); and (2) worked off-the-clock hours to meet Defendant's productivity requirement with instruction from managers.

12. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

13. At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose not to do so.

14. Thus, all FLSA Plaintiffs are victims of the Defendant's pervasive practice of willfully refusing to pay their employees overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked per workweek above forty.

## **RULE 23 CLASS ALLEGATIONS**

15. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on her own behalf, as well as on behalf of those who are similarly-situated who,

during the applicable statutory period, Defendant subjected to violations of the NYLL and NYCCRR.

16. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

17. The Rule 23 Class that Plaintiff seeks to identify collectively referred to as the "Rule 23 Plaintiffs," and is defined as follows:

> Current and former employees of Defendant who perform or performed any work for Defendant under the title "Facilitated Enroller," or something similar, during the statutory period within the State of New York who: (1) worked in excess of forty hours per week at Defendant's direction without receiving overtime compensation at the rate of one and one-half times their regular rates of pay for each hour worked in excess of forty per week; and/or (2) were not issued accurate or complete paystubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

### Numerosity

18. During the previous six years, Defendant has, in total, employed at least forty putative members of the class.

### Common Questions of Law and/or Fact

19. There are questions of law and fact common to each and every Rule 23 Plaintiff

that predominate over any questions solely affecting individual members of the FRCP 23 classes, including but not limited to the following: the duties that Defendant required and requires each Rule 23 Plaintiff to perform; whether Defendant denied Rule 23 Plaintiffs compensable time for all hours worked; the manner of compensating each Rule 23 Plaintiff; whether Defendant required and requires each Rule 23 Plaintiff to work in excess of forty hours per week; whether Defendant compensated and compensates the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week in excess of forty; whether Defendant furnished and furnishes accurate wage statements to the Rule 23 Plaintiffs on each payday containing the information required by N.Y. Lab. Law § 195(3); whether Defendant kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs; whether Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendant's violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

20.     As described in the "Background Facts" section below, during the six-year period pre-dating the commencement of this action, Defendant employed Plaintiff both as a "Facilitated Enroller". Plaintiff's duties, hours, pay rate, and pay structure were substantially similar to those of the Rule 23 Plaintiffs. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant, in excess of forty hours per week, as "Facilitated Enrollers," whom Defendant did not pay

overtime compensation at the rate of time and one-half their regular rates of pay for all hours worked in excess of forty each workweek.  The Defendant also did not furnish the Rule 23 Plaintiffs with accurate or complete wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid time and one-half their straight-time rates of pay for all hours worked per week in excess of forty, and to be furnished with accurate and/or complete wage statements on each payday as the NYLL also requires.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

<u>Adequacy</u>

21. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendant.  Defendant did not compensate Plaintiff at the required overtime rate for all hours worked in excess of forty each week, and did not provide Plaintiff with accurate and/or complete wage statements on each payday, which is substantially similar to how Defendant treated the Rule 23 Plaintiffs.  Plaintiff is no longer employed with the Defendant and thus has no fear or retribution for her testimony.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

<u>Superiority</u>

22.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

23.    Any lawsuit brought by a "Facilitated Enroller" of Defendant would be identical to a suit brought by any other employee working as a Facilitated Enroller for Defendant for the same violations. Thus, separate litigation would risk inconsistent results.

24.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

25.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

26.    In March 2007, a Healthfirst employee named Gertrude Willix commenced a class and collective action in the United States District Court for the Eastern District of New York, *Willix v. Healthfirst, et al.*, Docket Number 07-cv-01143 (RER), against the Defendant named in this action, seeking unpaid overtime compensation. The plaintiffs in that case alleged that Healthfirst violated the FLSA and the NYLL by improperly classifying "Marketing Representatives" as exempt from overtime pay.

27.    As described in the pleadings of that lawsuit, the duties of "Marketing Representatives" are nearly identical to those of the "Facilitated Enrollers" identified in this Complaint.

28.    The class period in *Willix* spanned from March 16, 2004 until October 31, 2007, and 593 marketing representatives of Healthfirst were part of that class.

29. In November 2010, Defendant agreed to pay nearly $7.7 million to settle that class action.

30. After settling that action, rather than changing its unlawful payment practices, Defendant instead continues to grossly violate the law with respect to its Facilitated Enrollers. Those violations continue to date.

31. In the instant case, Plaintiff's employment at Healthfirst spanned from March 9, 2007 until September 2, 2014.

32. Plaintiff was first employed with Defendant as a "Facilitated Enroller" from March 9, 2007 until January 22, 2013 at various locations in New York City. In that position, her duties included setting up tables and displays in public facilities, such as doctor offices or hospital lobbies, providing information and assisting inquiring members of the public in enrolling in Healthfirst plans.

33. In this position, the Defendant required Plaintiff to work, and Plaintiff did in fact work, from 8:30 a.m. through 6:30 p.m., Monday through Friday of each and every week, and often more during busy periods, without being permitted to take scheduled or uninterrupted breaks. Additionally, the Defendant frequently required Plaintiff to work for approximately four hours on Saturdays, in addition to the ten hours that Plaintiff worked each and every weekday. Thus, throughout her employment, the Defendant required Plaintiff to work, and Plaintiff did in fact work, on average between fifty and fifty-five hours each week. In addition, Defendant often required Plaintiff to work, until as late as nine in the evening on weeknights because she was traveling to applicants' homes after her regular workday.

34. For example, from on or about April 22, 2013 to April 28, 2013 Plaintiff worked 55 hours without compensation for the overtime she worked during that week.

35. For her work, Defendant did not pay Plaintiff any wages for the hours that Plaintiff worked each week in excess of forty off-the-clock, telling Plaintiff that there was no budget for her to work overtime, yet simultaneously accepting the benefit of all of her hours worked.

36. Plaintiff worked these excess hours in order to meet Defendant's weekly productivity requirement, and typically continued to work off-the-clock after her weekly scheduled hours.

37. At all times, Defendant was aware of Plaintiff's off-the-clock work, as all Facilitated Enrollers were required to communicate with their mangers and advise them of their daily schedules, progress towards meeting their productivity requirements and hours worked.

38. Throughout the entirety of her employment as a Facilitated Enroller, Defendant failed to pay Plaintiff at any rate for the hours that Plaintiff worked off-the-clock.

39. Defendant paid Plaintiff for overtime compensation during only those weeks when she was able meet certain performance expectations with respect to the number of applicants that she was able to enroll.

40. Defendant paid Plaintiff on a biweekly basis.

41. Defendant acted in this reckless manner in an effort to maximize its profits and minimize labor costs.

42. On each biweekly occasion when the Defendant paid Plaintiff, the Defendant did not furnish her with a wage statement that accurately reflected Plaintiff's total hours worked per week or pay period, her rates of pay, and the basis for computing her rate of pay.

43. The Defendant treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described in this section of this Complaint.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

44.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

46.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

47.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours each week, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

48.     The Defendant's actions were in willful violation of the FLSA.

49.     Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for the Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and NYCCRR*

51.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     NYLL § 160 and the executing provisions of 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their

regular rate of pay for any hours worked exceeding forty in a workweek.

53. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

54. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours each week, yet Defendant failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

55. The Defendant's actions were in willful violation of the NYLL and NYCCRR.

56. Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at one and one-half times their regular rates of pay.

57. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendant's violation of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

58. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, Defendant willfully failed to furnish Plaintiff and Rule 23 Plaintiffs on each payday with accurate wage statements containing the criteria required under the NYLL.

61. Pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

62. For their failures, besides the statutory penalties, Defendant is also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages, attorneys' fees, and costs.

## DEMAND FOR A JURY TRIAL

63. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

D. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

E. Certification of the claims brought in this case under the NYLL as a class action pursuant to Federal Rule of Civil Procedure 23;

F.  Designation of Plaintiff Ortiz as representative of the Class, and counsel of record as Class Counsel;

G.  All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendant's unlawful payment practices;

H.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

I.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff Ortiz;

J.  Pre-judgment and post-judgment interest, as provided by law; and

K.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       June 16, 2017

Respectfully submitted,

**HEPWORTH, GERSHBAUM & ROTH, PLLC**

By:   *s/ Charles Gershbaum*
      Rebecca S. Predovan, Esq.
      Marc S. Hepworth, Esq.
      David A. Roth, Esq.
      Charles Gershbaum, Esq.
      *Attorneys for Plaintiffs*
      192 Lexington Avenue, Suite 802
      New York, New York 10016
      Telephone: (212) 545-1199
      Facsimile: (212) 532-3801